UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT R. McKAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 3819 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| DAVID FOREMAN, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

This is the second suit Robert McKay has brought arising from his unsuccessful 2007 application for an Arson Division Manager position with the State of Illinois Fire Marshal. McKay previously sued both the Office of the Illinois State Fire Marshal and the Marshal himself, David Foreman, in this district, alleging that he was discriminated against because of his race when the Marshal's office denied him employment. *See McKay v. Office of the Illinois State Fire Marshal* (*McKay I*), No. 08 C 5467, 2009 WL 3258015 (N.D. Ill. Oct. 6, 2009). That case terminated in summary judgment when another court in this district determined that there was no evidence that Foreman or any other state employees responsible for the hiring process ever knew that McKay had applied for the subject position. *Id.*, 2009 WL 3258015, at *4-*5. McKay then brought the instant suit against Foreman in his individual capacity, alleging that Foreman unlawfully discriminated against McKay in making the very same hiring decision based on McKay's political affiliation. Foreman moved for dismissal based on collateral estoppel, asserting that the *McKay I* holding precludes a finding in McKay's favor in this case.

Foreman's motion requires this court to consider matters outside the complaint. As such, the motion was more properly considered as one for summary judgment. *See Miller v. Herman*, No. 08-3093, --- F.3d ----, 2010 WL 1068227, at *5 (7th Cir. Mar. 25, 2010). To that end, the court ordered the parties to cross-submit any additional materials pertinent to the instant motion. *See* Fed. R. Civ. P. 12(d); *see also* Doc. No. 31. Foreman submitted a statement of facts and documentary support thereto, while McKay elected not to file any additional materials in the time allotted, or to request an extension of time to do so.

## I.  LEGAL STANDARDS

Summary judgment is warranted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). The parties have fully briefed their arguments on collateral estoppel, and neither McKay's Amended Complaint nor his responsive brief suggests that further discovery on this issue is necessary.

Where a court decides an issue necessary to its judgment in a suit, that decision binds the parties to that suit, even in subsequent litigation. *See Kunzelman v. Thompson*, 799 F.2d 1172, 1176 (7th Cir. 1986). Collateral estoppel applies to subsequent actions brought under 42 U.S.C. § 1983 as it would to any other action. *Id.* (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). Where the prior judgment was rendered by a federal court, federal principles of collateral estoppel apply. *See Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir. 1995).

Under federal law, collateral estoppel applies if:

(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action.

*Id.*

## II.    ANALYSIS

McKay does not respond to the second, third, or fourth elements of collateral estoppel, and each has been clearly established against McKay. The issue of Foreman's knowledge of McKay's application was actually litigated in *McKay I*, the court's decision on that issue was essential to summary judgment, and McKay, against whom Foreman seeks to invoke collateral estoppel, is the plaintiff in both actions.

That leaves the question of whether the issue resolved in *McKay I* precludes a decision in McKay's favor in this case. In his Amended Complaint, McKay alleges both that Foreman knowingly discriminated against McKay on the basis of McKay's political affiliation, and that Foreman knowingly departed from the non-partisan hiring procedures instituted by the State of Illinois in response to the Supreme Court's ruling in *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990). McKay seeks to hold Foreman liable in his individual capacity. Such liability attaches only if Foreman was personally involved in the subject deprivation of constitutional rights. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). The *McKay I* opinion established that Foreman had no personal involvement in the hiring decision that McKay alleges formed the basis of the deprivation of his constitutional rights. Because McKay is precluded from establishing that Foreman was personally involved in acting on McKay's application, McKay cannot hold Foreman individually liable, and Foreman is entitled to summary judgment.

Moreover, with respect to McKay's attempted claim pursuant to *Rutan*,[1] *McKay I* established that Foreman was not responsible for selecting the possible candidates for the position for which McKay applied. *McKay I*, 209 WL 3258015, at *4. McKay is bound by that court's resolution of the issue. Without responsibility for the selection of candidates, Foreman cannot be responsible for a departure from *Rutan* procedures.

### III. CONCLUSION

For the reasons stated above, Foreman's motion to dismiss, which this court construes as a motion for summary judgment, is granted.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: April 23, 2010

---

[1] It is unclear whether McKay attempts to assert a *Rutan*-based count apart from his First Amendment claim, or whether such a claim exists. It is clear, however, that McKay is precluded from raising such claims here.